IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jurika A. Lyons, | : | |
| Plaintiff | : | Civil Action 2:14-cv-00061 |
| v. | : | Judge Graham |
| Ocedon Restaurant Group, LLC, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# Report and Recommendation

Plaintiff Jurika Lyons brings this action alleging violations of the Fair Labor Standards Act, the Ohio Minimum Fair Wages Standard Act, the Pregnancy Discrimination Act, and Ohio Revised Code § 4112.01, *et seq.*, and for breach of contract. This matter is before the Magistrate Judge on defendant Ocedon Restaurant Group, LLC's ("Ocedon") May 5, 2014 motion to set aside entry of default and to file an answer *instanter* (doc. 5).

    **I.    Arguments of the Parties**

        **A.    Defendant Ocedon Restaurant Group, LLC**

On January 17, 2014, counsel for plaintiff sent a letter to Ocedon enclosing the complaint, a notice of lawsuit and request to waive service of summons, and a waiver of the service of summons form. On February 13, 2014, Elena Donahue-Oceguera emailed Ocedon's response to plaintiff's counsel. Ocedon maintains that the email asserted valid

1

defenses to plaintiff's claims and its belief that the claims were baseless. On March 4, 2014, Ms. Donahue-Oceguera returned the executed waiver of service of summons to counsel for plaintiff under the mistaken belief that executing the waiver negated the need to formally answer the complaint. Ocedon did not receive anything further from plaintiff or the Court relating to this lawsuit, and Ms. Donahue-Oceguera mistakenly assumed that plaintiff was no longer pursuing this lawsuit. As a result, Ocedon did not retain counsel or timely answer the complaint.

It was not until May 1, 2014, during a meeting with an attorney regarding a separate legal matter that Ms. Donahue-Oceguera realized her mistake. Ocedon retained counsel, and on May 2, 2014, Ocedon learned that default had been entered.

Defendant argues that the entry of default should be set aside because Ocedon's failure to timely answer the complaint was the result of a lay person's mistake as to procedural rules rather than the intent to thwart legal proceedings. Ms. Donahue-Oceguera is not a lawyer and has no legal training. As soon as Ocedon became aware of the issue, it retained counsel, spoke with counsel for plaintiff, and filed a motion to set aside the entry of default the following business day.

Defendant maintains that there is no evidence of any prejudice to plaintiff because neither the delay nor the cost of increased litigation cost of having to prove one's case constitutes prejudice. The Clerk of Court entered default on March 31, 2014, and plaintiff had not filed anything since that entry. Ocedon further argues that it has meritorious defenses.

### B. Plaintiff Jurika Lyons

Plaintiff contends that Ocedon's explanation for its delay in responding to the complaint is not credible because Ms. Donahue-Oceguera is not a pro-se litigant or unfamiliar with litigation. Instead, plaintiff maintains that Ms. Donahue-Oceguera simply failed to take plaintiff's complaint seriously, and it is not credible that she believed plaintiff had abandoned her claims. Ms. Donahue-Oceguera is an officer and authorized representative of Ocedon. Ocedon has been named as a defendant in at least three other federal lawsuits since November 2012.

Plaintiff also argues that Ms. Donahue-Oceguera could not have reasonably believed that the waiver of service of summons form meant that Ocedon did not have to file a formal answer. The form is designed to give notice to defendants of their obligations in responding to a plaintiff's complaint. The instructions are not ambiguous or difficult to understand.

Plaintiff maintains that Ocedon knew about plaintiff's complaint for at least 3 ½ months prior to her application for entry of default because Ms. Donahue-Oceguera is an officer and authorized representative of Ocedon. Plaintiff further argues that it is well established that service upon a company's statutory agent constitutes service upon the company.

On January 17, 2014, plaintiff filed this action, and her counsel sent a letter to defendants Ocedon and Cherisse L. Conley enclosing the complaint, a notice of lawsuit

and request to waive service of summons, and a waiver of the service of summons form. The letter was addressed to

>Ocedon Restaurant Group, LLC
>c/o Jack S. Levey
>300 East Broad Street, #590
>Columbus, Ohio 43215
>
>Ocedon Restaurant Group, LLC
>c/o Kenneth Donahue
>7650 Quincy Avenue
>Denver, Colorado 80123
>
>Cherisse L. Conley
>3690 East Main Street
>Hilliard, Ohio 43226

Jack S. Levey is listed as the statutory agent for Ocedon on the Ohio Secretary of State's website. Mr. Levey is also an attorney with Plunkett Cooney, the firm representing plaintiff in this lawsuit. Kenneth Donahue is listed as the statutory agent on the Colorado Secretary of State's website until February 18, 2014. On February 13, 2014, Ms. Donahue-Oceguera sent an email to plaintiff's counsel acknowledging that plaintiff had initiated a lawsuit.

On February 26, 2014, counsel for plaintiff responded to Ms. Donahue-Oceguera's email dated February 13, 2014 and stated that the waiver of the service of summons form was overdue and that plaintiff was moving forward with the lawsuit. On March 4, 2014, Ms. Donahue-Oceguera returned a signed copy of the waiver of service of summons via email.

4

Plaintiff argues that she will be prejudiced by the delay because it will hinder ability to obtain discovery. Plaintiff maintains that she has asked Ms. Donahue-Oceguera on two occasions to provide the last known address for defendant Conley, the supervisor whose alleged conduct is the basis for plaintiff's claims. Plaintiff maintains that retrieval of emails, text messages and other electronic and paper discovery in the possession of Ocedon or Ms. Conley will more difficult to obtain. Plaintiff also argues that because the liability of Ocedon is dependent on Ms. Conley's conduct, Ocedon has a motive to collude with Ms. Conley to avoid liability.

Plaintiff further argues that Ocedon has not articulated any meritorious defenses. She maintains that Ms. Donahue-Oceguera's affidavit does not constitute evidence of a meritorious defense and is not likely to change the outcome of plaintiff's case.

## II. Discussion

An entry of default may be set aside for "good cause shown." Fed. R. Civ. P. 55(c); *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). Trials on the merits are favored. *Berthelsen*, 907 F.2d at 620; *United Coin Meter v. Seaboard Coastline Railroad*, 705 F.2d 839 (6th Cir. 1983). Three factors are to be considered: whether plaintiff will be prejudiced if the case is reopened, whether defendant asserts a meritorious defense, and whether defendant's culpable conduct led to the default. *United Coin Meter*, 705 F.2d at 845; *Berthelsen*, 907 F.2d at 620.

The delay caused by a defendant's failure to promptly answer will not alone demonstrate that plaintiffs would be prejudiced by reopening the case. *Id*. Prejudice

5

may be shown by a loss of evidence, increased difficulties conducting discovery, greater opportunities for fraud and collusion, and the like. *Id*. "In determining whether a defaulted defendant has a meritorious defense [l]ikelihood of success is not the measure. . . . [r]ather, if *any* defense relied upon states a defense good at law, then a meritorious defense has been advanced." *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398-99 (6th Cir. 1987)(internal citations omitted).

The burden for setting aside an entry of default is a lesser one than for setting aside a default judgment. Further, "'the district court enjoys considerable latitude under the "good cause shown standard' of Rule 55(c) to grant a defendant relief from a default entry.' *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *see also Manufacturers' Indus. Relations Ass'n. v. East Akron Casting Co.*, 58 F.3d 204, 208 (6th Cir. 1995)(recognizing that motions to set aside default entries, as opposed to default judgments, are to be granted more liberally)." *United States of America v. Real Property and All Furnishings Known As Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999).

Plaintiff has not demonstrated that she will be prejudiced if this case is re-opened. Plaintiff fears that defendants will be motivated to collude with one another to avoid liability, but this assertion, without more, does not demonstrate that plaintiff will be prejudiced by Ocedon's failure to timely respond to the complaint. Defendant Conley has not yet been served, and plaintiff delayed in seeking default judgment against Ocedon even though the Clerk of Court entered default on March 31, 2014. Had

6

plaintiff believed that she would be prejudiced by further delay, she should have moved for default judgment. She did not do so, which suggests that the delay was not prejudicial.

Defendant Ocedon denies the allegations in the complaint and has stated a defense good at law. The failure of Ms. Donahue-Oceguera to promptly seek legal advice once she received the complaint and the waiver of service form was misguided, but once she recognized her mistake, Ocedon moved to set aside the entry of default promptly. The evidence before the Court does not indicate an intent to thwart legal proceedings.

### III.    Conclusion

For the reasons set out above, the Magistrate Judge RECOMMENDS that defendant Ocedon Restaurant Group, LLC's ("Ocedon") May 5, 2014 motion to set aside entry of default and to file an answer *instanter* (doc. 5) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v.*

*Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel
United States Magistrate Judge
